

| | THE CITY OF NEW YORK | |
|---|---|---|
| **MICHAEL A. CARDOZO**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **VIRGINIA J. NIMICK**<br>phone: (212) 788-0824<br>fax: (212) 788-9776<br>vnimick@law.nyc.gov |

May 14, 2012

**BY ECF**
Honorable Roslynn R. Mauskopf
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   <u>Terrell Taylor v. City of New York</u>, *et al.*
              11 CV 1577 (RRM) (SMG)

Your Honor:

      I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the office of Michael A. Cardozo, Corporation Counsel for the City of New York, and the attorney assigned to defend the above-referenced matter. Attached please find a duly executed Stipulation and Order of Settlement and Dismissal, dated April 30, 2012, for Your Honor's endorsement and filing.

      Thank you for your consideration.

                                      Respectfully submitted,

                                      /s/
                                  Virginia J. Nimick
                                  Assistant Corporation Counsel
                                  Special Federal Litigation Division

cc: Honorable Steven M. Gold (by ECF)
United States Magistrate Judge

Joshua Fitch, Esq. (by ECF)
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

TERRELL TAYLOR,

                      Plaintiff,

            -against-

THE CITY OF NEW YORK, DETECTIVE BRIAN McSWEENEY, Shield No. 3038, Individually and in his Official Capacity, SGT. SEAN O'BRIEN, Shield No. 2366, Individually and in his Official Capacity, P.O. GEORGE ALLEN, Shield No. 6387, Individually and in his Official Capacity, and P.O.'s "JOHN DOE" #1-10, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown),

                      Defendants.

------------------------------------------------------------------------ x

**STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL**

11 CV 1577 (RRM) (SMG)

        **WHEREAS,** plaintiff, commenced this action by filing a complaint on or about March 31, 2011, and an amended complaint on or about November 22, 2011, alleging that the defendants violated plaintiff's federal civil and state common law rights; and

        **WHEREAS,** defendants have denied any and all liability arising out of plaintiff's allegations; and

        **WHEREAS,** the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability; and

        **WHEREAS,** plaintiff has authorized his counsel to agree to the terms set forth below; and

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, as follows:

1. The above-referenced action is hereby dismissed against defendants, City of New York, Brian McSweeney, Sean O'Brien, and George Allen, with prejudice, and without costs, expenses, or attorneys' fees in excess of the amount specified in paragraph "2" below.

2. The City of New York hereby agrees to pay plaintiff Terrell Taylor the sum of Seventeen Thousand Five Hundred ($17,500.00) Dollars in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. In consideration for the payment of this sum, plaintiff agrees to dismissal of all the claims against the defendants City of New York, Brian McSweeney, Sean O'Brien, and George Allen, and to release the defendants and any present or former employees and agents of the City of New York or any agency thereof, from any and all liability, claims, or rights of action which were or could have been alleged in this action, including claims for costs, expenses, and attorneys' fees.

3. Plaintiff shall execute and deliver to defendants' attorney all documents necessary to effect this settlement, including, without limitation, General Releases based on the terms of paragraph "2" above and Affidavits of Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, plaintiff shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. §1395y(b) and 42 C.F.R. §§411.22 through 411.26.

4. Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations

or bylaws of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

5.  Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

6.  Plaintiff agrees to hold harmless the City of New York regarding any liens or past and/or future Medicare payments, presently known or unknown, in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendant reserves the right to issue a multi-party settlement check, naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

**[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]**

7.     This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated:  New York, New York
        April 27, 2012

Cohen & Fitch, LLP
*Attorneys for Plaintiff*
233 Broadway, Suite 1800
New York, New York 10279
(212) 374-9115

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
*Attorneys for Defendants*
100 Church Street
New York, New York 10007
(212) 788-0824

By: _____
    JOSHUA FITCH, ESQ.

By: _____
    VIRGINIA J. NIMICK, ESQ.
    Assistant Corporation Counsel
    Special Federal Litigation Division

                    SO ORDERED:

                    _____
Dated: New York, New York            HON. ROSLYNN R. MAUSKOPF
       April 30, 2012                UNITED STATES DISTRICT JUDGE